IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MAKAYLA MORRISSEY, <br><br> Defendant. | 8:18CR275 <br><br><br> **ORDER** |

This matter is before the Court on defendant Makayla Morrissey's ("Morrissey")[1] Second Motion for Compassionate Release (Filing No. 79) pursuant to 18 U.S.C. § 3582(c)(1)(A). Morrissey seeks relief based on her concerns about COVID-19 given her pregnancy and other health issues. On June 4, 2020, this Court denied (Filing No. 78) Morrissey's first Motion for Compassionate Release (Filing No. 77) for failure to meet the statutory requirements of § 3582(c)(1)(A). The Court finds Morrissey's second motion must be denied for the same reasons.

Section 3582(c)(1)(A)(i) allows Morrissey to request the Court to reduce the term of her imprisonment based on "extraordinary and compelling circumstances." But Morrissey can only make that request *after* she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

Here, Morrissey once again has not shown (or even alleged) that she has met either of those statutory requirements. Morrissey attached to her motion a copy of a letter from the warden of her facility denying her request for a sentence reduction under

---

[1] Morrissey is currently imprisoned in a Bureau of Prisons ("BOP") facility in Illinois and projected to be released in December 2020.

§ 3582(c)(1)(A).[2] That letter is dated July 10, 2020, but Morrissey has provided no information about when she made that request to show thirty days have elapsed since the warden received her request. *See id.*

Morrissey instead cites a case from the United States District Court for the Central District of Illinois, *see United States v. Coles*, No. 00-cr-20051, 2020 WL 1976296, *1 (C.D. Ill. Apr. 24, 2020), to assert "[t]his Court . . . has found . . . COVID-19 justifies excusing" § 3582(c)(1)(A)'s statutory requirements. Not so.

As this Court already stated in denying her first motion, Morrissey's failure to show she has satisfied § 3582(c)(1)(A)'s statutory requirements presents "a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, Morrissey's Second Motion for Compassionate Release (Filing No. 79) is denied without prejudice to refiling after she can affirmatively demonstrate that either statutory requirement is met. In other words, prove thirty days have passed since her request to the warden.

Dated this 22nd day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[2]That letter states if she is not satisfied with the response, she can appeal through the BOP's administrative-remedy process.