IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR275 |
| v. | |
| MAKAYLA MORRISSEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Makayla Morrissey's ("Morrissey") "Third Motion for Compassionate Release" (Filing No. 81) pursuant to 18 U.S.C. § 3582(c)(1)(A) and based upon "extraordinary and compelling reasons." Specifically, Morrissey requests relief due to her concerns regarding the COVID-19 pandemic given her pregnancy and other health issues that put her at an increased risk from the virus. For the reasons stated below, her motion for compassionate release is granted.

I.  **BACKGROUND**

On September 12, 2019, Morrissey plead guilty to Count I of an Information (Filing No. 48) for possession with the intent to distribute 100 grams or more of a substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Morrissey was sentenced to 15 months incarceration on January 29, 2020, followed by a three-year term of supervised release. The Court permitted Morrissey to self-surrender to the Bureau of Prisons ("BOP"), and she did so on March 19, 2020. Shortly after entering FCI Waseca, Morrissey found out she was pregnant and transferred to the Family Guidance Center in Springfield, Illinois, to participate in the Mothers and Infants Together ("MINT") program. This low-security facility provides prenatal and postnatal care, parenting counseling services, and allows newborns to reside with their mothers in a controlled environment.

Morrissey previously filed two motions for compassionate release, (Filing Nos. 77 and 79) which were denied without prejudice for failure to meet the procedural requirements of § 3582(c)(1)(A). Morrissey filed the present motion on July 22, 2020,

again seeking compassionate release based on her increased risk of complications from COVID-19 due to her pregnancy and other health issues. In support of her motion, Morrissey attached her request to the warden at FCI Waseca, dated June 15, 2020, seeking compassionate release. The warden's response acknowledges her concerns but denied her request, noting that "[t]he BOP is taking extraordinary measures to contain the spread of COVID-19" and her concern about exposure to or contracting COVID-19 "does not currently warrant an early release" from her sentence.

The government opposes (Filing No. 83) Morrissey's request to reduce her sentence but does not dispute her assertion that 30 days have passed since she presented her request to the BOP. Finding Morrissey satisfied the compassionate release procedural requirement under 18 U.S.C. § 3582(c)(1)(A) requiring a "lapse of 30 days from the receipt of such a request by the warden of [her] facility" before seeking a sentence reduction, the Court ordered the U.S. Probation and Pretrial Services Office to explore Morrissey's request and prepare an investigative report (the "report") (Filing No. 84). *See United States v. Gilmore*, 8:16CR62 (D. Neb. June 1, 2020). The report was filed under seal on August 13, 2020.

The Court has carefully considered all those materials, Morrissey's motion and supporting documentation, the government's brief in opposition, and the sentencing record in this case in deciding the motion.

II.   **DISCUSSION**

The First Step Act, Pub. L. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A), allows criminal defendants to request compassionate release, but the defendant must demonstrate "extraordinary and compelling reasons" to warrant a reduction. The court must consider the applicable factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future

crime by the defendant, and promote rehabilitation. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *1-2 (D. Neb. May 26, 2020).

In deciding whether to grant a reduction, the Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Any such relief must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists three specific qualifying circumstances and a general catchall provision: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1.

Having carefully reviewed Morrissey's request for compassionate release in light of the factors discussed above, the Court finds Morrissey has shown "extraordinary and compelling reasons" to reduce her sentence.

The Court finds the relevant § 3553(a) factors weigh in Morrissey's favor. Morrissey's crime was nonviolent, and she lacks an extensive criminal history. She also has a strong release plan to live with her father in Omaha, Nebraska. The report approved her release plan, finding that her father has the space and capacity to assist Morrissey in the last few months of her pregnancy and the time to care for her and the baby after she gives birth. In addition, Morrissey is just shy of her December 12, 2020, release date and is due to give birth in approximately one month. The government concedes in its brief that Morrissey would not be a threat to society if she received an early release, and the Court agrees.

---

[1] This policy statement predates the First Step Act and does not govern the Court's review of a defendant's request for compassionate release, but the Court finds it instructive. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Morrissey asserts her pregnancy, combined with her other health issues and COVID-19, qualifies as an "extraordinary and compelling" circumstance to warrant her early release. U.S.S.G. § 1B1.13 cmt. n.1. The Centers for Disease Control and Prevention ("CDC") has warned that pregnant women are at an "increased risk for severe illness" from COVID-19. *See* CDC, *COVID-19 and Pregnancy* (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/pregnancy-breastfeeding.html. The government agrees that Morrissey's pregnancy places her at an elevated risk for severe illness stemming from COVID-19. Morrissey also has polycystic ovary syndrome and a family history of high blood pressure, which could contribute to complications should she contract COVID-19. Although the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020), Morrissey's pregnancy and health conditions uniquely position her at a particularly high risk.

In *United States v. Schneider*, another court ruled on a very similar case. In *Schneider*, the defendant was seven months pregnant, suffered from asthma, was convicted of a nonviolent drug offense, had less than four months remaining of her sentence, and planned to live with her parents upon release. *United States v. Schneider*, No. 14-CR-30036, 2020 WL 2556354, at *6 (C.D. Ill. May 20, 2020). Finding a reduction in her case was also consistent with the policy factors in U.S.S.G. § 1B1.13, the court held that "[d]efendant's pregnancy, her health issues, and the COVID-19 pandemic create an extraordinary and compelling reason that warrants a reduction of Defendant's term of imprisonment." *Id*. Similarly, the Court agrees Morrissey has presented extraordinary and compelling reasons to grant her release.

Although the BOP has taken extensive efforts to protect inmates from COVID-19, the virus presents a unique and serious threat to Morrissey as a woman in her third trimester of pregnancy with pre-existing health conditions. Accordingly, the Court will order that

as a condition of Morrissey's early release, she be subject to home detention for three months as directed by the probation officer, as part of her supervised release.

## III.   CONCLUSION

Based on a careful consideration of all the relevant factors and Morrissey's vulnerabilities to serious illness should she contract COVID-19, the Court finds that extraordinary and compelling circumstances warrant compassionate release in this case. Accordingly,

IT IS ORDERED:

1. Defendant Makayla Morrissey's Motion for Compassionate Release (Filing No. 81) is granted. Morrissey's sentence is reduced to time served, followed by three years supervised release.

2. An amended judgment shall issue with modified terms of supervised release. The Court modifies Morrissey's conditions of supervised release to require her to spend three months in home detention, as directed by the probation office, with home detention starting as soon as possible after her term of supervised release begins.

3. The warden shall release Morrissey as soon as practicable with no quarantine period but no less than three days from the entry of this Memorandum and Order.

4. Upon release, Morrissey shall proceed immediately to her father's residence in Omaha, Nebraska, described by the probation office (Filing No. 84) and self-quarantine there for fourteen days or as directed by the probation office. She must follow all federal, state, and local guidelines regarding COVID-19.

5. Upon release, Morrissey must contact the probation office in Nebraska within 24 hours and is directed to follow its instructions.

6. The government is directed to notify the BOP of this Memorandum and Order to ensure it is put into effect as quickly as possible.

Dated this 1st day of October 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge